IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN G. RAINEY,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>) 2:15-cv-00594-TFM<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

October 1, 2015

**I.    Introduction**

Pending before the court are the cross-motions for summary judgment filed by Plaintiff, Kathleen G. Rainey, and Defendant, Carolyn W. Colvin, the Acting Commissioner of Social Security. (ECF Nos. 8, 10). Both parties have filed briefs in support of their respective motions (ECF Nos. 9, 11), and the Acting Commissioner has filed a response in opposition to Plaintiff's motion (ECF No. 12). Accordingly, the motions are ripe for disposition.

**II.   Background**

Plaintiff was born on February 28, 1962. (R. 45). She is a high school graduate and, before she allegedly became disabled, she worked as a cafeteria aide, dietary aide, and warehouse supervisor. (R. 28). She suffers from fibromyalgia, depression, adjustment disorder, plantar fasciitis, carpal tunnel syndrome, and degenerative disc disease of the lumbar spine, each of which the Administrative Law Judge ("ALJ") found to be "severe" impairments. She is also mildly obese. In addition to regularly seeing her primary care physician for a range of physical and mental health issues, Plaintiff has received treatment at a pain management clinic for her back pain and fibromyalgia since September 2011. Through the pain clinic, she has, at various

1

times, been prescribed Vicodin and other pain medications, which have been helpful, to a degree, and undergone epidural injections in her lumbar spine, which tended to at least temporarily alleviate her symptoms. She has also been prescribed Neurontin for her fibromyalgia, with some success as well. As for her mental health issues, Plaintiff has seen a psychiatrist since late 2012, who prescribed her with Pristiq for her depression.

After she stopped working as a cafeteria aide (presumably at the conclusion of the 2011 academic year), Plaintiff protectively applied for disability insurance benefits, alleging disability as of June 30, 2011, due to her fibromyalgia, depression, and allegedly severe back problems. (R. 151-55). Her claim was denied at the initial level, and thereafter she requested a hearing, which was conducted on October 1, 2013, before ALJ John Kooser. Plaintiff testified at the hearing, as did a vocational expert ("VE").

The ALJ issued an unfavorable decision to Plaintiff on December 6, 2013. After thoroughly recounting Plaintiff's medical and mental health histories, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional restrictions:

> the claimant must be able to alternate between sitting and standing periodically throughout the work day as often as every 30 minutes; [she is] limited to occasional pushing, pulling, balancing, stooping, crouching, crawling, kneeling, and climbing; [she is] limited to occasional overhead reaching with no constant use of the hands for feeling fine or gross dexterity (can use her hands frequently, but not constantly); [she cannot] work around occupational hazards such as unprotected heights, dangerous machinery, ropes, ladders, or scaffolds; and [she is] limited to low stress work, defined as work involving no high volume productivity requirements and very infrequent unexpected changes.

(R. 24). After consulting with the VE, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and, thus, she is not disabled under the Social Security Act. (R. 28-29). The ALJ's decision became final on March

2

13, 2015, when the Appeals Council denied Plaintiff's request for review. This action followed.

## III. Legal Analysis

### A. Standard of Review

The Act strictly limits the Court's ability to review the final decision of the Social Security Administration. 42 U.S.C. § 405(g). "This Court neither undertakes a de novo review of the decision, nor does it re-weigh the evidence in the record." *Thomas v. Massanari*, 28 F. App'x 146, 147 (3d Cir. 2002). Instead, the Court's "review of the Commissioner's final decision is limited to determining whether that decision is supported by substantial evidence." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). If the decision is supported by substantial evidence, it is must be affirmed. 42 U.S.C. § 405(g). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). It consists of more than a scintilla but less than a preponderance of the evidence. *Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798 (3d Cir. 2010). Importantly, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).

### B. Discussion

Plaintiff argues that the ALJ violated Social Security Rulings ("SSR") 00-4p and 83-12, and, therefore, the ALJ's decision should be reversed and this matter should be remanded to the ALJ for further proceedings. The Acting Commissioner responds that the ALJ complied with these Rulings. Plaintiff's arguments will be addressed *seriatim*.

#### 1. SSR 00-4p

Plaintiff contends that the ALJ erred by having failed to reconcile a purported conflict

between the VE's testimony and the job descriptions in the Dictionary of Occupational Titles ("DOT"), in violation of SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Plaintiff correctly observes that none of the job descriptions in the DOT address the need for a sit/stand option. Thus, according to Plaintiff, the VE's testimony about the jobs listed in the DOT that Plaintiff could perform despite her need for a sit/stand option necessarily conflicted with the DOT.

"As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT." *Zirnsak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014)) (citing SSR 00-4p). To ensure that result, "Social Security Ruling 00-4p requires that the ALJ ask the vocational expert whether any possible conflict exists between the vocational expert's testimony and the DOT, and that, if the testimony does appear to conflict with the DOT, to 'elicit a reasonable explanation for the apparent conflict.'" *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002) (quoting SSR 00-4p). "An ALJ's failure to comply with these requirements may warrant remand in a particular case." *Zirnsak* , 777 F.3d at 617 (citation omitted).

Remand is not warranted in this case, however. As an initial matter, "the ALJ met his affirmative obligation to inquire about inconsistencies." *Id.* The ALJ specifically asked the VE whether his "testimony [was] consistent with the information found in the Dictionary of Occupational Titles," and the VE responded that his testimony was in fact consistent with the DOT. (R. 71).

According to Plaintiff, the ALJ should have gone a step further and questioned the VE about the purported conflict between the VE's testimony and the DOT (whose jobs descriptions, again, are silent with respect to the need for a sit/stand option) on his own, and then proceeded to resolve that conflict. The Court disagrees. As numerous courts have recognized – including, quite recently, the Third Circuit Court of Appeals – the DOT's silence with regard to the

4

sit/stand option does not place it in conflict with the jobs identified by the VE. *See, e.g.*, *Sanborn v. Comm'r of Soc. Sec.*, No. 14-4103, 2015 WL 3452872, at *6 (3d Cir. June 1, 2015); *Horn v. Colvin*, No. CIV.A. 12-405, 2013 WL 1386836, at *4 (W.D. Pa. Apr. 4, 2013); *Hardy v. Colvin*, No. CV 13-752-GMS, 2015 WL 5000130, at *6 (D. Del. Aug. 21, 2015); *Hahn v. Colvin*, No. 3:13-CV-2493-GBC, 2015 WL 2384184, at *11 (M.D. Pa. May 19, 2015); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364 (6th Cir. 2014); *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008). Therefore, "[t]he ALJ was not obligated to resolve an inconsistency that did not exist." *Hardy*, 2015 WL 5000130, at *6.

"Since the ALJ's hypothetical question adequately conveyed the sit/stand option to [the VE], [the VE's] testimony constituted substantial evidence that an individual in need of that accommodation could perform the duties" of the jobs that the VE identified. *Horn*, 2013 WL 1386836, at *4. In other words, we can safely presume that the VE took Plaintiff's need for a sit/stand option into account when identifying jobs that she could still perform despite her impairments.[1] For these reasons, Plaintiff's first argument fails.

## 2. SSR 83-12

Plaintiff next argues that the ALJ erred by failing to assess in his decision the extent to which her need for a sit/stand option eroded the occupational base[2] for light and sedentary work,

---

1. This conclusion is bolstered by an exchange between Plaintiff's counsel and the VE near the end of the administrative hearing. In response to questioning from Plaintiff's counsel, the VE acknowledged that the number of jobs available for Plaintiff would be significantly lower if she had to alternate between sitting and standing every 15 minutes instead of every 30 minutes. The clear implication from this exchange is that the VE had taken the 30-minute sit/stand option into account when identifying jobs that Plaintiff could perform.

2. Occupational base is defined as:

   The number of occupations, as represented by RFC, that an individual is capable of performing. These "base" occupations are unskilled in terms of complexity. The regulations take notice of approximately 2,500 medium, light, and sedentary occupations; 1,600 light and sedentary occupations; and 200 sedentary occupations. Each occupation represents numerous jobs in the national economy. (In individual situations, specific skilled or semiskilled occupations may be added to the base.)

5

as she contests was required by SSR 83-12. Under the Medical Vocational Guidelines (or the "Grids"), "where all of the individual findings coincide with those of a number rule," a conclusion of "Disabled" or "Not disabled" is directed. SSR 83-12, 1983 WL 31253, at *1 (Jan. 1, 1983). However, the Grid rules do not "direct such conclusions when an individual's exertional RFC does not coincide with the exertional criteria of any one of the external ranges, i.e., sedentary, light, and medium." *Id.* In such case, "the occupational base is affected and may or may not represent a significant number of jobs[.]" *Id.* at *2. When confronted with this scenario, "SSR 83-12 provides" ALJs with "a framework for adjudicating claims . . . ." *Henderson v. Soc. Sec. Admin.*, 87 F. App'x 248, 251 (3d Cir. 2004). To determine whether a significant number of jobs exist that the claimant can perform, the ALJ must "consider the extent of any erosion of the occupational base and access [sic] its significance." SSR 83-12, 1983 WL 31253, at *2. In some cases, the extent of the erosion will be clear (either because the restriction is so slight or vice versa). *Id.* "In still other cases," the effect on the occupational base "will be less obvious" and the ALJ "will need to consult a vocational resource." *Id.*

One such "special situation[]" arises when a claimant is found to need a sit/stand option. *Id.* at *4. Such a claimant "is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work." *Id.* As the Ruling further explains, while "[t]here are some jobs in the national economy – typically professional and managerial ones – in which a person can sit or stand with a degree of choice[,] . . . most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task." *Id.*

---

SSR 83-10, 1983 WL 31251, at *7 (Jan. 1, 1983).

6

"Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." *Id.* Be that as it may, "SSR 83-12 does not automatically dictate a finding of disability" whenever a claimant requires a sit/stand option. *Martin v. Barnhart*, 240 F. App'x 941, 946 (3d Cir. 2007). Rather, "a VE should be consulted" to determine the extent to which the occupational base is eroded. *Id.*; *see also* SSR 83-12, 1983 WL 31253, at *4 ("In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.").

Contrary to Plaintiff's contention, the ALJ's decision "clearly follows the letter and spirit of SSR 83-12." *Henderson*, 87 F. App'x at 251. The ALJ acknowledged that Plaintiff's "ability to perform all or substantially all of the requirements of [light] work has been impeded by additional limitations." (R. 28). As a result, "[t]o determine the extent to which these limitations erode the unskilled light occupational base," the ALJ went on to ask "the VE whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and residual functional capacity." (R. 28). The VE's response to the hypothetical presented by the ALJ provided substantial evidence for the ALJ's ultimate conclusion that Plaintiff is not disabled. And because the ALJ "received the assistance of a VE in considering the more precise question whether there are significant number of jobs in the economy that [Plaintiff] can perform," he was not required to make "specific findings concerning the erosion of the occupational base[.]" *Boone v. Barnhart*, 353 F.3d 203, 210 (3d Cir. 2003).

Plaintiff's reliance on *Boone* is misplaced. It is true that in *Boone*, as in this case, the ALJ did not make express findings as to the erosion of the occupational base for light work caused by the claimant's need for a sit/stand option. However, unlike in *Boone*, where the VE's testimony was hesitant and inconsistent with the DOT (and thus could not "by itself provide substantial

7

evidence of a significant number of jobs in the economy," *id.* at 209), in this case the ALJ "relied on testimony from a VE which specifically took into account Plaintiff's need to alternate sitting and standing when considering whether jobs existed in the economy which Plaintiff could perform." *Hall v. Barnhart*, No. CIV.A. 02-8481, 2004 WL 632723, at *6 (E.D. Pa. Jan. 14, 2004). "Thus the ALJ did not assume that jobs existed which accommodated the sit/stand option and which Plaintiff could perform given her limitations, rather, the ALJ relied on testimony from a VE which took into account Plaintiff's specific restrictions." *Id.* Accordingly, Plaintiff's second assignment of error is without merit.

## IV. Conclusion

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges that she faces in acquiring gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Act. The decision of the ALJ will, therefore, be affirmed.

For the reasons hereinabove stated, the Court will **GRANT** the Motion for Summary Judgment filed by the Acting Commissioner and **DENY** the Motion for Summary Judgment filed by Plaintiff. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN G. RAINEY,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br>Defendant. | )<br>)<br>)<br>) 2:15-cv-00594-TFM<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**AND NOW**, this 1st day of October 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Acting Commissioner's MOTION FOR SUMMARY JUDGMENT (ECF No. 8) is **GRANTED**, and Plaintiff's MOTION FOR SUMMARY JUDGMENT (ECF No. 10) is **DENIED**.

The Clerk shall docket this case **CLOSED**.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Judge

cc: **Thomas A. Burkhart, Esq.**
Email: tburkhart@lewisandristvey.com

**Paul Kovac, Esq.**
Email: paul.kovac@usdoj.gov

(via CM/ECF)